By the Court. Oakley, C. J.
This was an action brought by the father of a child, under the age of four years, to recover damages for injury done to the child by the negligence of the defendant Ritter. The defendant dug a hole in his yard some 10 or 15 feet deep; the child fell into it and was injured. The claim set up by the plaintiff was for compensation for the expenses necessarily incurred by the father in taking care of the child, and also for his loss of the services of the child. The question in the case arises upon the correctness of the direction of the judge at the trial, in respect to this latter point—that is, the loss of service. The judge told the jury that if the plaintiff was not guilty of any negligence in letting this little child run at large, and if they found that the defendant was guilty of negligence in not sufficiently guarding the hole which he had dug, the plaintiff had a right to recover. The court said he *372 might recover for expenses incurred by him, and also for loss of services, if any were shown to have been incurred. It appears by the evidence that the father became liable for expenses, amounting to $53. What the jury allowed beyond that sum, in assessing the damages of the father at $200, could only have been allowed for a supposed loss of services.
Strictly speaking, it might be considered that a child, however young, might possibly render some service to its father; but it does not appear that any such services, however slight, were ever rendered by the plaintiff’s child; and when the child is of such tender years that there can be no presumption that he rendered services to the parent, some proof of the fact, we think, is necessary. It is true that the Supreme Court has decided, in a case where a child of ten years of age was killed by the negligence of the defendants, that the jury were properly instructed to allow damages for the loss of the services of the child, not only to that time, but prospective losses up to the time that the child should arrive at the age of twenty-one years. Whether that was correct or not, we are not called upon to say. But that was a case in which the possibility of rendering any future service was destroyed. In this case, however, the injury, we are bound to suppose, was only temporary. For aught that appears in the case, the child recovered from it, and was again capable of rendering services. We think, therefore, that the jury may have been misled by the suggestion of the court, that they might allow damages for loss of services, if any were proved to their satisfaction, while in fact no such proof had been given. The verdict must therefore be set aside, and there must be a new trial, with costs to abide the event, unless the plaintiff will consent to reduce the verdict to $53, the amount of his expenses proved; in which case, the judgment will be affirmed, but without costs to either party upon this appeal.